# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #   P11240

JAKAN CHAMEL MILLS,

**PLAINTIFF(S)**

v.

RANDY LADISKY,

**DEFENDANT(S)**

CASE NUMBER

SA CV 21-65-JFW (PLA)

**ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES**

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____
Date

_____
United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☒ Inadequate showing of indigency.
- ☒ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☐ Other _____

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☒ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
Plaintiff failed to complete section 1(b) of Request to Proceed Without Prepayment of Filing Fees; plaintiff failed to sign and date request.

January 19, 2021
Date

/s/ - Paul L. Abrams
United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).
- ☐ **DENIED**. Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
- ☒ **DENIED**, and this case is hereby DISMISSED immediately.
- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

January 19, 2021
Date

John F. Walter
United States District Judge

CV-73P (08/16)    ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JAKAN CHAMEL MILLS,<br><br>      Plaintiff,<br><br>      v.<br><br>RANDY LADISKY,<br><br>      Defendant. | No. SA CV 21-65-JFW (PLA)<br><br>**ATTACHMENT TO ORDER DENYING PLAINTIFF'S APPLICATION TO FILE ACTION *IN FORMA PAUPERIS*** |

On January 5, 2021, pursuant to 42 U.S.C. § 1983, Jakan Chamel Mills ("plaintiff") filed an unsigned and undated Complaint in the United States District Court for the Southern District of California, along with exhibits; on January 12, 2021, the matter was transferred to this Court. (ECF Nos. 1, 5). Because plaintiff is seeking leave to proceed *in forma pauperis* ("IFP") (ECF No. 2), the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

/

/

/

/

Plaintiff names only one defendant in the Complaint -- his appointed alternate public defender (Compl. at 11)[1] -- who represented plaintiff at his July 10, 2019, "recall resentencing hearing" in the Orange County Superior Court. (Compl. at 5). He contends that his Fourteenth Amendment due process right and his right to access to the court were violated when defendant refused to notify the court that plaintiff "retained his rights & wishes to be present at his recall resentencing hearing." (Id.).

Plaintiff has named an improper defendant. Under the Civil Rights Act:

> Every person who, under color of [state law]. . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts to support that a defendant acted under color of state law. Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005). "[U]nder color of state law" is the equivalent of the "state action" requirement under the Constitution. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 928, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). That is, "[a]cting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (quoting West, 487 U.S. at 46). An attorney, even if appointed by a court or government entity, is a private party who does not act under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 318, 324-25, & nn.7-9, 70 L. Ed. 2d 509, 102 S. Ct. 445 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983", regardless of "whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program"); Miranda v. Clark Cnty., 319 F.3d 465, 468-69 (9th Cir. 2003) (en banc) (a public defender performing the role of an attorney for a client is not a state actor under §1983).

---

[1] For ease of reference, the Court cites to the ECF-generated page numbers when referring to the Complaint and its exhibits.

2

1 | Here, the sole defendant is plaintiff's attorney who was appointed on June 3, 2019, to
2 | represent plaintiff in Orange County Superior Court case number 97NF1784 F A. (Compl. at 9,
3 | 11). Because defendant is an attorney appointed to represent plaintiff in state court proceedings,
4 | such defendant did not act under color of state law. Accordingly, plaintiff fails to state a federal
5 | civil rights claim against defendant.[2]

---

[2] This Court does not have jurisdiction over any state-law legal malpractice claims that plaintiff may seek to raise against his court-appointed attorney.

3